UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

MARCUS JE'VON MCFADDEN,                         Civil No. 06-1106 (MJD/JSM)

     Petitioner,

v.                                              **REPORT AND RECOMMENDATION**

R.L. MORRISON, Warden,

     Respondent.

_____

JANIE S. MAYERON, United States Magistrate Judge

     This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons ("BOP") has wrongly determined the date when he should be transferred from prison to a Residential Reentry Center ("RRC").[1] Respondent has filed a response to the Petition stating that it has changed its policy regarding RRC placement but because Petitioner's projected release date is nearly two years away he will not be considered for RRC placement until 11 to 13 months prior to his projected release date. The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that this Petition should be granted in part and denied in part.

_____

[1]     Until recently, RRCs were known as Community Corrections Centers ("CCCs") and commonly referred to as halfway houses.

I.      **BACKGROUND**

Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota.  He is serving a 60-month federal prison sentence that was imposed on January 30, 2004 following his conviction in the United States District Court for the Northern District of Illinois.  Petitioner's projected release date is June 3, 2008.  Gov't Resp. at 2.  Petitioner requests a RRC determination based on § 3621(b) only.  Pet.'s Reply at 3.  Petitioner contends that the BOP's RRC determination policy, under both 28 C.F.R §§ 570.20 and 570.21 and Program Statement 7310.04, is unconstitutional and violates 18 U.S.C. § 3621(b) because it categorically denies individual placement assessments, rids the BOP of its discretion, and unjustly limits pre-release RRC eligibility to the last six months of a prisoner's sentence.  Pet.'s Motion for Relief at 3-4.  Respondent has filed a response to the Petition stating that it has changed its policy regarding RRC placement and it does not challenge the Petition to the extent it seeks BOP reconsideration of the date on which the Petitioner should be assigned to a RRC, without regard to §§ 570.20 and .21.  Gov't Resp. at 1-2.  In this regard, the Government asserts that the BOP now adheres to its pre-2002 guidelines as set forth in Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998.  Id. at 2.  Petitioner opposes the application of Program Statement 7310.04 in determining his RRC placement date and asks for consideration based on § 3621(b) only.  Pet.'s Reply at 9.  Petitioner asks this Court for a writ of mandamus and an injunction to ensure that he receives a good faith evaluation by the BOP and an immediate transfer to a RRC.  Id. at 2.  The Petitioner additionally asks this Court to micromanage the BOP in this regard.  Id. at 2, 4.

II.   **DISCUSSION**

At issue in this case, is the propriety of regulations enacted by the BOP to address the transfer of inmates to RRCs or home confinement prior to release from custody from prison.

18 U.S.C. § 3624(c) states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the Prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) directs the BOP to consider the following factors in determining whether to place an inmate in a RRC or in home confinement:

1) the resources of the facility contemplated;
2) the nature and circumstances of the offense;
3) the history and characteristics of the prisoner;
4) any statement by the court that imposed the sentence –
   A. concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   B. recommending a type of penal or corrections facility as appropriate; and
5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

In light of the Eighth Circuit's decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the Government asserts that the BOP has discarded §§ 570.20 and .21 and has returned to it's pre-2002 guidelines, set forth in Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998.  Gov't Resp. at 1-2.  Therefore, the Government argues that the Petition is moot to the extent Petitioner requests RRC determination without regard to §§ 570.20

and .21.   On the other hand, to the extent that Petitioner is seeking immediate consideration for a RRC, the Government argues that the Petition should be denied.

As an initial matter, the Court concludes that to the extent Petitioner seeks a decision requiring the BOP to consider his release to an RRC without regard to 28 C.F.R. §§ 570.20 and 570.21, he has already obtained that relief.  The BOP has stated it will conduct his RRC placement evaluation consistent with Program Statement 7310.04 and without consideration of §§ 570.02 and .21.  Further, this Court rejects Petitioner's contention that Program Statement 7310.04 is inconsistent with the mandates of § 3621(b).  First, Program Statement 7310.04 directs the BOP to make RRC recommendations "based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly." Program Statement 7310.04 at 7.  Second, it states that a number of factors must be weighed in determining the length of RCC placement including, "individual needs and existing community resources".  Id.  Third, the statement provides that the BOP "may place an inmate in a [RCC] for more than the 'last ten per centum of the term,' or more than six months if appropriate."  Id. at 4.  It also states that although placement beyond 180 days is highly unusual, it is possible with 'extraordinary justification".  Id. at 8. Fourth, the Program Statement provides that the BOP will begin planning for an inmate's release upon the inmate's initial placement and a "final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." Id. at 7.  All of these provisions are consistent with § 3621(b) and the Fults decision that RRC determinations be made without consideration of §§ 570.20 and .21

4

This Court also rejects Petitioner's contention that he is entitled to an immediate consideration for community confinement and that causing him to wait until 11 to 13 months before his release date for another individual assessment violates his right to due process.  Pet.'s Reply 9.  No authority to which the Court has been alerted requires the BOP to conduct a RRC eligibility review or immediately transfer a prisoner to a RRC on demand by the prisoner.  To the contrary, this Court finds, as have other courts in this district, that no inmate is entitled to a RRC review every time he requests such an evaluation.  See, Carter v. Federal Bureau of Prisons, 2006 WL 1791275 (D.Minn., June 27, 2006); Fisher v. Morrison, 2006 WL 1716135 (D.Minn., June 20, 2006); Smith v. Morrison, 2006 WL 1716131 (D.Minn., June 20, 2006).  See also, Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004) (finding the BOP has discretion to transfer prisoners at any time during their incarceration, but only has the duty to consider a transfer to an RRC in the last six months of a sentence); 18 U.S.C. § 3624(c) (The BOP's duty to place prisoners in conditions that will prepare the prisoner for re-entry into the community shall not extend beyond the last six months of the prisoner's sentence).  In addition, "[a]t no point in the Fults litigation has any court directed the BOP to transfer a specific inmate to an RRC.  All Petitioner is entitled to under Fults is consideration for such a transfer in accordance with the procedures outlined in P.S. 7310.04." Rennicke v. Sanders, 2006 WL 1817089 (E.D.Ark. June 30, 2006).

Next, this Court concludes that neither an injunction nor a writ of mandamus would be appropriate in this case.  Four factors must be considered in determining whether to grant temporary injunctive relief: (1) whether the movant is likely to succeed on the merits, (2) whether the movant would otherwise suffer irreparable harm, (3)

whether the injunctive relief would cause harm to others, and (4) whether an injunction would serve public interests.  See, Wedow v. City of Kansas City, Mo., 442 F.3d 661, 676 (8th Cir. 2006); Dataphase Systems Inc. v. C.L. Systems Inc., 640 F2.d 109, 113 (8th Cir. 1981) (en banc).  Petitioner has the burden of establishing these factors.  Davis v. Francis Howell School Dist., 104 F.3d 204, 205-06 (8th Cir. 1997).   Because Petitioner's claim to a right of immediate RRC determination and transfer are without merit, he cannot demonstrate any likelihood of success on his claims.  Therefore, no injunctive relief can be awarded.  Petitioner's claim for a writ of mandamus similarly fails.  A writ of mandamus could only be issued if Petitioner had a clear right to relief and the BOP had a clear duty to make an immediate determination and transfer of Petitioner to a RRC.  See, Longie v. Spirit Lake Tribe, 400 F.3d 586, 591 (8th Cir. 2005); Borntrager v. Stevas, 772 F.2d 419, 420 (8th Cir. 1985).  Petitioner has no such right and the BOP has no such duty.

Finally, Petitioner's claim that the Court should micro-manage the BOP regarding his RRC determination also fails.  The Eighth Circuit has strongly cautioned courts against trying to micro-manage the BOP.  "[F]ederal courts ought to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile [prison] environment, and [s]uch flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life, in order that the courts do not 'micro-manage' prisons." Brasza v. Walton, Slip Copy, 2006 WL 1174152  (D.Minn. April 1, 2006) at 2, citing Hosna v. Groose, 80 F.3d 298, 303 (8th Cir.1996).  The BOP has stated that it has changed its policy regarding RRC placement, and that in light of Fults, it will proceed to make that placement without regard to 28 C.F.R §§ 570.20 and .21.  Petitioner has

given this Court no reason to doubt the BOP's representations to this Court such that this Court should expend efforts to oversee the BOP's future action.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

The Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be GRANTED IN PART AND DENIED IN PART.  The Petition should be granted to the extent Petitioner requests a RRC eligibility determination without regard to 28 C.F.R. §§ 570.02 and .21.  The Petition should be denied to the extent Petitioner seeks immediate transfer to a RRC or immediate determination of his RRC eligibility date. While Petitioner's release date is still two years away, the BOP has committed to conducting Petitioner's RRC placement 11 to 13 months before his projected release date, pursuant to Program Statement 7310.04.  Petitioner has already obtained all the relief he is entitled to under 18 U.S.C. § 3621(b).


Dated:  August 1, 2006


                                   *s/Janie S. Mayeron*
                                   JANIE S. MAYERON
                                   United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 18, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.   This Report and

Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.